UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| v. | ) | **No. 3:12-cr-00223** |
| | ) | **Judge Campbell** |
| **JOHN MURPHY** | ) | |

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of John Murphy's guilty plea on Count One of the Information, for which the Government sought forfeiture pursuant to 18 U.S.C. § 2253(a), Defendant John Murphy shall forfeit to the United States his interest in the following:

> (1) any visual depiction described in violation of 18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
>
> (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
>
> (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property,

including but not limited to the following items:

1. a Dell Laptop Computer, Serial Number 6LS13C1; and

2. a Gateway Laptop Computer, Model MX8738, Serial Number T2376M1009338;

all seized from 604 Burgundy Drive, Madison, Tennessee on February 4, 2010 (hereinafter referred to collectively as "Subject Property").

2. Based on the guilty plea and the statement of facts acknowledged by the Defendant at the plea hearing and the Affidavit of Michael Frizzell, the Court has determined:

   a) the Subject Property is subject to forfeiture pursuant to 18 U.S.C. § 2253(a);

   b) due process was satisfied and Defendant had notice of the items to be forfeited; and

   c) the Government has established by a preponderance of the evidence the requisite nexus between the Subject Property and such offense.

3. Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the Subject Property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3). Since the Subject Property is a computer, the Attorney General (or his designee) shall "wipe clean" and erase all files from all drives and/or computer media of any information upon entry of the Final Order of Forfeiture in this matter.

4. Upon entry of this Order, the Attorney General (or his designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

5. Upon the issuance of the Preliminary Order of Forfeiture forfeiting the defendant's interest in the Subject Property, the United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or his designee) may direct online at "www.forfeiture.gov," the official internet government forfeiture

site, for 30 consecutive days. The United States shall also, to the extent practicable, provide written notice to any person known to have alleged an interest in the Subject Property.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property shall, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any third party motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided by 18 U.S.C. § 2253(b) which incorporates by reference the pertinent provision of 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

11. Either upon entry of a Final Order of Forfeiture or prior to the disposal the Subject Property or upon a determination by the agency that the computer or its contents are no longer necessary for trial in this matter the Subject Property shall be wiped clean of all information.

12. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED on this ____ day of _____, 2013.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE